UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:17-cv-03178-CAS (KSx)<br>2:17-cv-03196-CAS (KSx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | JOHN BOWER v. WRIGHT MEDICAL TECHNOLOGY INC. ET AL.<br>CATHERINE PRATER v. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Paul Kiesel<br>Cherisse Cleoffe | Dana Ash |

| Proceedings: | PLAINTIFF'S MOTION TO CONSOLIDATE CASES (Filed July 22, 2019, Case No. 2:17-cv-03178-CAS, Dkt. 108)<br>PLAINTIFF'S MOTION TO CONSOLIDATE CASES (Filed July 22, 2019, Case No. 2:17-cv-03196-CAS, Dkt. 74) |
|---|---|

## I. INTRODUCTION

On April 27, 2017, plaintiffs John Bower ("Bower") and Catherine Prater ("Prater") filed separate but substantially similar complaints against defendants Wright Medical Technology, Inc. ("Wright") and MicroPort Orthopedics, Inc. ("MicroPort"). See Case No. 2:17-cv-03178-CAS, Dkt. 1 ("Bower Compl."); Case No. 2:17-cv-03196, Dkt. 1. ("Prater Compl.").[1] Both plaintiffs assert seven claims against defendants: (1) strict products liability—manufacturing defect, (2) strict products liability—failure to warn, (3) negligence, (4) negligence—failure to recall/retrofit, (5) fraudulent misrepresentation, (6) fraudulent concealment, and (7) negligent misrepresentation. Id. In brief, plaintiffs allege that they received the same artificial hip devices manufactured by defendants and that the devices subsequently fractured, causing them serious injury. See id.

On November 27, 2017, plaintiffs filed motions to consolidate. Dkt. 45. The Court granted plaintiffs' motions in part and consolidated the cases for pre-trial purposes

---

[1] For sake of clarity and convenience, the following references are to the record in the Bower action unless otherwise specified.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-03178-CAS (KSx) <br> 2:17-cv-03196-CAS (KSx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | JOHN BOWER v. WRIGHT MEDICAL TECHNOLOGY INC. ET AL. <br> CATHERINE PRATER v. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

only. Dkt. 48 ("Order"). The Court reserved ruling on whether to consolidate the cases for trial until the parties had more fully developed the record through discovery. Id. at 6.

On July 22, 2019, plaintiffs filed a motion to consolidate the cases for trial. Dkt. 108 ("Mot."). Defendants filed an opposition on July 29, 2019. Dkt. 109 ("Opp'n"). Plaintiffs filed a reply on August 5, 2019. Dkt. 110 ("Reply").

The Court held a hearing on plaintiffs' motion to consolidate on August 19, 2019. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs both allege that they underwent hip replacement surgeries performed by the same doctor at Cedars-Sinai Medical Center in Los Angeles, California. Bower Compl. ¶ 8; Prater Compl. ¶ 8. Prater's surgery was performed on January 17, 2012, and Bower's surgery was performed on October 1, 2013. Prater Compl. ¶ 3; Bower Compl. ¶ 3. In both cases, the doctor surgically implanted defendants' PROFEMUR® Total Hip System, specifically the "VV" Long neck, model PHAC-1254, made from cobalt chrome alloy ("the device"). Bower Compl. ¶¶ 3, 66; Prater Compl. ¶¶ 3, 66. The implanted devices subsequently failed, requiring the plaintiffs to undergo surgery to remove their respective devices. Bower Compl. ¶¶ 69–72; Prater Compl. ¶¶ 69–72.

Both plaintiffs allege identical facts regarding the manufacture, sale, marketing, and United States Food and Drug Administration ("FDA") approval of the PROFEMUR® Total Hip System. Bower Compl. ¶¶ 17, 19–22, 24. Both plaintiffs also allege identical facts regarding the manner by which defendants either failed to disclose, or did not sufficiently disclose, a history of modular neck failures in PROFEMUR® products or the fact that the devices implanted in plaintiffs had a "higher than anticipated" rate of failure. Id. ¶¶ 28, 33, 40, 43–49, 52–54.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact. Fed. R. Civ. P. 42(a). Consolidation is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-03178-CAS (KSx) <br> 2:17-cv-03196-CAS (KSx) | Date | August 19, 2019 |
| Title | JOHN BOWER v. WRIGHT MEDICAL TECHNOLOGY INC. ET AL. <br> CATHERINE PRATER v. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

proper when it serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989). "In determining whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." Ferguson Corinthian Colleges Inc., No. 11-cv-0127-DOC, 2011 WL 1519352, at *2 (C.D. Cal. Apr. 15, 2011) (quotation marks omitted); see also Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984) ("The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause"). "[T]ypically, consolidation is favored." Ho Keung Tse v. Apple, Inc., No. 12-cv02653-SBA, 2013 WL 451639, at *3 (N.D. Cal. Feb. 5, 2013).

## IV. DISCUSSION

Plaintiffs seek to consolidate both actions for trial before one jury. Mot. at 2. Plaintiffs represent that both cases involve the same product model, the same defendants, the same implanting surgeon, the same counsel, and the same theories of liability. Id. at 3. Because of this, plaintiffs anticipate that a significant portion of the trial in these cases will require presentation of the same documentary evidence and testimony from the same fact and expert witnesses who have been retained for both cases. Id. According to plaintiffs, a consolidated trial will promote efficiency and economy by streamlining pre-trial and motion practice and decreasing the overall time spent in trial. Id. at 6. Plaintiffs also cite several orders in which district courts have consolidated product liability actions for trial on similar facts, including this Court's order on January 9, 2017 consolidating Biorn v. Wright Med. Tech., Inc., No. 2:15-CV-07102-CAS (KSx) with Sarafian v. Wright Med. Tech., Inc., No. 2:15-CV-09397-CAS (KSx). Id. at 7, 10–13.

Defendants argue that the motion should be denied because a consolidated trial would prejudice defendants and lead to juror confusion. Opp'n at 3. First, defendants contend that a joint trial would invite the jury to infer liability by the mere fact that there are multiple plaintiffs in the same trial and through the jury's exposure to cumulative evidence of defendants' alleged wrongdoing. Id. at 5–6. Second, defendants argue that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-03178-CAS (KSx)<br>2:17-cv-03196-CAS (KSx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | JOHN BOWER v. WRIGHT MEDICAL TECHNOLOGY INC. ET AL.<br>CATHERINE PRATER v. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

consolidation would allow plaintiffs to introduce evidence that may otherwise be deemed inadmissible at separate trials. Id. at 8. Under California law, the existence of a product defect is determined at the time of manufacture or distribution, see Carlin v. Superior Court, 13 Cal. 4th 1104, 1111 (1996), and therefore evidence of a defendant's knowledge during the period following manufacture or distribution is generally inadmissible. Id. at 6–7. Because the implantation surgeries in these actions occurred 22 months apart, defendants argue that allowing plaintiffs to introduce evidence regarding defendants' knowledge prior to the Bower surgery but following the Prater surgery would be improper. Id. at 7–9. Third, defendants argue that consolidation would inundate and confuse the jury with disparate evidence regarding the plaintiffs' individual causation issues, medical histories, physician decisions and other factors that could not be compartmentalized. Id. at 8–9. Specifically, defendants contend that the Bower and Prater cases are not similar because Bower fell 8–10 feet while skateboarding at the time his device fractured, while Prater's device fractured spontaneously. Id. at 2, 12–13. Fourth, defendants argue that a consolidated trial would be more confusing and less efficient than separate trials because of the large amount of testimony and evidence specific to each plaintiff. Id. at 12–13. Defendants also cite to several district court orders denying consolidation in medical implant cases and contend that no precautionary measures will adequately safeguard against prejudice and juror confusion. Id. at 15–20.

Although the Court previously found that common questions of law and fact predominate in these actions such that consolidation for pretrial purposes would promote judicial economy, the Court declines to consolidate the cases for trial. The Court is persuaded that the differences between the factual circumstances in both cases—particularly the fact that Bower's device fractured during a skateboarding accident and Prater's device fractured spontaneously—pose a substantial risk of prejudicing defendants at trial and confusing the jury.[2] Moreover, even if the cases were consolidated for trial, the Court would require two juries to be empaneled. Conducting a consolidated

---

[2] The Court acknowledges that it granted a motion to consolidate the Bjorn and Sarafian cases for trial, but the Court observes that in those cases, both plaintiffs appeared to have experienced a device failure during normal and expected activities of daily living. Here, the Court is persuaded that the circumstances of Bower's device failure raises an individualized factual dispute that is likely to predominate in a consolidated trial.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-03178-CAS (KSx)<br>2:17-cv-03196-CAS (KSx) | Date | August 19, 2019 |
| Title | JOHN BOWER v. WRIGHT MEDICAL TECHNOLOGY INC. ET AL.<br>CATHERINE PRATER v. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

trial with two juries would require sequestering one of the juries from hearing evidence and argument specific to the other case; this procedure alone would diminish any of the efficiencies gained by consolidating the cases. Therefore, notwithstanding the common questions of law and fact in the two cases, the Court finds that consolidation is not appropriate because the goals of judicial economy would not be met by consolidating the cases for trial and because of the potential for prejudice and juror confusion.

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiffs' motions to consolidate the cases for trial.

**IT IS SO ORDERED**.

                                                                                 00       08

Initials of Preparer          CMJ